**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6957**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY RICHARDSON, a/k/a Ice,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:09-cr-00015-JAG-1; 3:19-cv-00439-JAG)

Submitted:  August 20, 2019

Decided:  August 23, 2019

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Bobby Richardson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Richardson appeals the district court's order construing his Fed. R. Civ. P. 60(b)(6) motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion and dismissing it for lack of jurisdiction. Our review of the record confirms that the district court properly construed Richardson's Rule 60(b)(6) motion as a successive § 2255 motion over which it lacked jurisdiction. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h) (2012); *United States v. McRae*, 793 F.3d 392, 397-400 (4th Cir. 2015). Accordingly, we deny a certificate of appealability (COA) as unnecessary and affirm the district court's judgment. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009); *McRae*, 793 F.3d at 400.

Additionally, we construe Richardson's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), *abrogated in part on other grounds by McRae*, 793 F.3d 392. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Richardson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*